IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER P. VAVALA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 09-331-SLR |
| | ) |
| CORRECTIONAL MEDICAL SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 10th day of July, 2009, having screened the case pursuant to 28 U.S.C. § 1915;

IT IS ORDERED that defendants Dr. Binnion, Nurse Carrol, and Scott Altman are dismissed without prejudice pursuant to 28 U.S.C. § 1915, that plaintiff may proceed against defendants Correctional Medical Services, unnamed individual employees of Correctional Medical Service, and unnamed individual employees of the Delaware Department of Correction, and that plaintiff is given leave to file an amended complaint, for the reasons that follow:

1. **Background.** Plaintiff Christopher P. Vavala, ("plaintiff"), a former inmate at the Howard R. Young Correctional Institution ("HRYCI"), alleges defendants were deliberately indifferent to his serious medical needs during the time he was confined there. (D.I. 2) Plaintiff appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review.** When a litigant proceeds in forma pauperis, 28 U.S.C.

§ 1915 provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3. The legal standard for dismissing a complaint for failure to state a claim pursuant to §1915(e)(2)(B) is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (not reported); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)."

2

*Id.* (citations omitted).

4. Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 550 U.S. at 556 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 550 U.S. at 556 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234. Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

5. **Discussion**. Named as defendants in the caption of the complaint are Dr. Binnion ("Dr. Binnion"), Nurse Carrol ("Carrol"), and Scott Altman ("Altman"). The complaint contains no allegations directed towards these defendants. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003)(quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Inasmuch as Dr. Binnion, Carrol, and Altman are not mentioned in the body of the complaint, the claims against them will be dismissed. However, since it appears plausible that plaintiff might be able to articulate a claim

3

against some or all of these defendants (or name alternative defendants), he will be given an opportunity to amend his pleading. See O'Dell v. United States Gov't, 256 F. App'x 444 (3d Cir. 2007) (not reported) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

6. **Conclusion**. For the foregoing reasons, defendants Dr. Binnion, Nurse Carrol, and Scott Altman are dismissed without prejudice pursuant to 28 U.S.C. § 1915 and § 1915A. Plaintiff may proceed against defendants Correctional Medical Services, unnamed individual employees of Correctional Medical Service, and unnamed individual employees of the Delaware Department of Correction. Plaintiff is given leave to amend the complaint as to potential claims against defendants Dr. Binnion, Nurse Carrol, and Scott Altman. The amended complaint shall be filed within **thirty (30) days** from the date of this order. If an amended complaint is not filed within the time allowed, then the court will enter a service order on the remaining claims against defendants Correctional Medical Services, unnamed individual employees of Correctional Medical Service, and unnamed individual employees of the Delaware Department of Correction.

UNITED STATES DISTRICT JUDGE